UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: THOMAS H. HEIDORF, III | § § § | CIVIL ACTION NO: 4:06-cv-0846 |
| DEBTOR | § § | |
| THOMAS H. HEIDORF, III | § § | BANKRUPTCY CASE NO. 04-39956 |
| APPELLANT | § § | |
| VS. | § § | |
| | § | BANKRUPTCY ADVERSARY NO. |
| TEXAS STATE BANK & CHAPTER 7 TRUSTEE RODNEY D. TOW | § § § § | NO. 04-03863 |
| APPELLEES | | |

## MEMORANDUM AND ORDER

Bankruptcy debtor Thomas Heidorf ("Debtor") appeals from a decision of the Bankruptcy Court denying him a discharge of his indebtedness pursuant to 11 U.S.C. §727(a), and specifically denying, pursuant to 11 U.S.C. §523, discharge of a debt that Debtor owes to Texas State Bank (the "Bank"). The Bankruptcy Court's findings of fact and conclusions of law are comprehensive and well articulated; its decision is **AFFIRMED**.

The Bankruptcy Court set forth in detail the reasons discharge should be denied. Those reasons will be summarized briefly.

1. First, the Court found that the financial statement that Debtor submitted to the Bank was false in material respects. Debtor does not dispute this, but argues a) the Bank did not rely on the financial statement, and b) Debtor did not personally complete the financial statement. Uncontroverted testimony from a lending officer at the Bank,

however, confirmed that the Bank did rely on the financial statement. As to Debtor's alternative explanation, it is simply implausible that an individual's personal financial statement could be compiled without the individual's involvement. Beyond that, the many other irregularities in Debtor's writings as to his financial condition demonstrate that Debtor habitually made serious misstatements.

2. In the schedules and statements of affairs filed, under penalty of perjury, in his bankruptcy case, the Court found that Debtor knowingly omitted information as to property he held and transfers he had made. Again, Debtor does not dispute the omissions, but seeks to blame them on his attorneys. Debtor does not, however, offer any credible reason to believe his attorneys would wish to lie to the Court. Debtor's suggestion that, after September 11, 2001, he wished to downsize and simplify his life is belied by his continuing acquisition of material possessions.

The Bankruptcy Court's opinion of March 3, 2006 is **AFFIRMED** in its entirety.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on this 6th day of March 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE